IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SPOSATO<br>Petitioner<br><br>V<br><br>WARDEN, FCI OAKDALE; RRM<br>NEW ORLEANS, UNITED STATES<br>OF AMERICA | )<br>)<br>)<br>)<br>) CIVIL ACTION: To Be Assigned<br>) CASE NO.: 15-134 "E"<br>)<br>)<br>) |

**22-3596**

**SECT. T MAG 3**

## HABEAS CORPUS MOTION BY PERSON IN BOP CUSTODY PURSUANT TO 28 U.S.C. § 2241

COMES NOW, the petitioner, John Sposato, (hereinafter "Sposato" or "Petitioner") pro se' and in absentia with this **HABEAS CORPUS MOTION BY PERSON IN BOP CUSTODY PURSUANT TO 28 U.S.C. § 2241.** "A pro se complaint requires a liberal interpretation and is subject to 'less stringent standards than formal pleadings drafted by lawyers'. As such a pro se complaint will be dismissed only for failure to state a claim 'where it appears beyond doubt that the Plaintiff can prove to set of facts in support of a claim which would entitle him to relief.' 429 U.S. 97, 106."

### PRELIMINARY STATEMENT

1. Petitioner John Sposato comes to this honorable court today, pro se' and in absentia seeking habeas corpus whereas the United States Government and particular the United States Department of Probation and the Federal Bureau of Prisons have deprived him of "earned time credits" he earned while in BOP custody at FCI Oakdale during the eligible period for such credits.

TENDERED FOR FILING

SEP 29 2022

DISTRICT COURT
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

2. Petitioner Sposato is now on Supervised Release over 730 days longer than rightfully sentenced to, after applying these "earned time credits" via the First Step Act of 2018 as prescribed below.

3. Petitioner Sposato now appears before this court asking that the court intercede on his behalf, within its scope of power, and direct the Bureau of Prisons and the United States Probation Office, to apply those credits and immediately release him from supervised release as prescribed by the unambiguous First Step Act of 2018 and further enforced in precedent through Dyer v. Fulgam (1:21-CV-299-CLC-CHS, Eastern District of Tennessee)

## BACKGROUND

On November 30, 2016 the Petitioner was sentenced to a term of 84 months in Federal Prison with a 3 year term of supervised release to immediately follow. This sentence was the result of a finding of guilt for Wire Fraud in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1343. Upon his arrival in Federal Prison Sposato began taking programs and participating in activities to further his rehabilitation and reduce his risk of recidivism. Those activities and programs also fall under the eligible activities for earned time credits under the First Step Act of 2018

## MR. SPOSATO IS FREE TO PROCEED ON THE MERITS

"... the exhaustion requirements under the the Prison Litigation Reform Act 42 U.S.C. §1997 e(a) ("PRLA"), will not apply. The PLRA "only applies when [a] plaintiff is confined in a correctional facility when the lawsuit is commenced": therefore, Plaintiff's amended complaint is not subject to administrative exhaustion. Q.F. v. Daniel 768 F. Appx 935, 938 (11th Cir 2019) (citing Harris v. Garner, 216 F.3d 970, 974(11th Cir. 2000) ("it is confinement status at the time the lawsuit is "brought" ie filed, that matters")).

Mr. Sposato, has been released from the Bureau of Prisons since August 10, 2021 and therefore is not subject to the administrative remedies exhaustion.

## FIRST STEP ACT

The FSA provides that eligible inmates earn FSA Time Credits toward prerelease custody or early transfer to supervised release for successfully completing approved Evidence-Based Recidivism Reduction (EBRR) Programs or Productive Activities (PAs) assigned to each inmate based on the inmate's risk and needs assessment. Inmates eligible to apply Time Credits under the FSA include individuals sentenced under the U.S. Code. As required by the FSA, an inmate cannot earn FSA Time Credits if that inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction. However, such inmates may still earn other benefits for successfully completing recidivism reduction programming, such as increased privileges (commissary, visiting, and telephone) for participation in EBRR Programs or PAs, as authorized by the Bureau.

The FSA provides that an eligible inmate in Bureau custody who successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment will earn FSA Time Credits, to be applied toward prerelease custody ( *i.e.,* transfer to a Residential Reentry Center (RRC) or home confinement for service of a portion of the inmate's sentence) or

transfer to supervised release (*i.e.,* early satisfaction of the inmate's term of imprisonment) under 18 U.S.C. 3624(g).

The FSA provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. 3632(d)(4)(A)(i). An inmate determined to be at a "minimum or low risk for recidivating" who, "over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. 3632(d)(4)(A)(ii). The statute does not expressly define what constitutes a "day" of successful participation. In the proposed rule, the Bureau defined it as "one eight-hour period of participation in an EBRR Program or PA that an eligible inmate successfully completes." On January 19, 2022 The Bureau of Prisons outlined their interpretation of "a day" and implemented accordingly, as shown "or every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits. If the inmate is determined to be at a minimum or low risk for recidivating and can maintain that risk level for the most recent two consecutive risk and needs assessments, that inmate may earn an additional five days of FSA Time Credits per thirty-day period."

## ALL CLASSES AND ALL ACTIVITIES COUNT

According to both the First Step Act of 2018 and the Federal Register notes at implementation (January 2022), all classes and all "full time" jobs within the BOP prison system count for earned time credits. There are certain classes which have been identified as Evidence Based Recidivism Reducing Programs. Classes that do not fall under that category fall under the "catch all" of "other productive activities".

## THE FIRST STEP ACT IS SILENT ON THE NUMBER OF DAYS AN INMATE CAN EARN

Contrary to some beliefs, the First Step Act of 2018, Public Law 115-391 is silent on a maximum number of days earned.

"(4) TIME CREDITS.— "(A) IN GENERAL.—A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows: "(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. "(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. "(B) AVAILABILITY.—A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed— "(i) prior to the date of enactment of this subchapter; or "(ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a). "(C) APPLICATION OF TIME CREDITS TOWARD PRERELEASE CUSTODY OR SUPERVISED RELEASE.—Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

In addition, Congress has stipulated, and through the Federal Register the BOP has concurred, that First Step Act earned time credits are "stackable" whereas if an inmate worked a full time job, and participated in classes they would earn effectively double credit.

## THE FIRST STEP ACT SPECIFICALLY INCLUDES SUPERVISED RELEASE

While the BOP has suggested to thousands of inmates that First Step Act earned time credits can not take time off supervised release, the above paragraph as well as *Douglas A Dyer v. Michelle Fulgam (E.D. Tennessee 1:21-CV-CLC-CHS) specifically stipulate that a) inmates on home confinement are still in the custody of the Bureau of Prisons. b) that inmates on home confinement, are still eligible to earn First Step Act time credits because they are still in the custody of the Bureau of Prisons. c) A job, while on home confinement is a productive activity and an inmate is earning those credits while working.*

## THE FIRST STEP ACT IS UNAMBIGUOUS IN REGARDS TO SUPERVISED RELEASE

"The issue before the court is whether the Petitioner is entitled to relief for 489 days of unused FSA time credits he accumulated, or whether his petition is moot due to his transfer to supervised release."

"[I]n interpreting a statute a court should always turn first to one cardinal cannon before all others...[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut v. Bank v. Germain, 503 U.S. 249, 253-54 (1992) (noting "judiciary inquiry complete" when statue's language is unambiguous). Here the relevant statutory provision provides that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reducing programs or productive activities shall be applied toward time in...supervised release". 18 U.S.C. § 3632(d)(4)(C). Therefore, the unambiguous mandatory language of the statute provides that earned time credits may be applied to a supervised release" (Douglas A. Dyer v. Fulgam, 1:21-CV-299-CLC-CHC, Ed Tennessee).

## MR. SPOSATO HAS EARNED 730 DAYS OF "EARNED TIME CREDIT" TO BE APPLIED TO HIS IN PRISON SENTENCE, COMMUNITY CONFINEMENT AND/OR SUPERVISED RELEASE

The statute is clear and unambiguous, Mr. Sposato's First Step Act earned time credits must be applied to his home confinement and then his supervised release (Dyer v. Fulgam) . The First Step Act made it clear that all inmates in the custody of the BOP during the period of eligibility and eligible under the law will receive the credits that they earned. Mr. Sposato earned 730 ays of earned time credit while in BOP custody during the eligible period which as indicated above and calculated using the laws formula of the First Step Act.

## **THE BUREAU OF PRISONS IS NOT AWARDING CREDITS PROPERLY OR IN A TIMELY MANNER.**

Several news outlets, Congressmen, Senators and even courts here in the 11th Circuit have acknowledged that the Bureau of Prisons is not awarding credits properly or in a timely manner. Forbes Magazine highlighted this on July 6, 2022 in an article entitled "Bureau of Prisons Holding Inmates Longer Than The Law Allows" found here: https://www.forbes.com/sites/walterpavlo/2022/07/06/bureau-of-prisons-holding-inmates-for-longer-than-law-allows/?sh=5134ac7836e6 and as exhibit "B". In a separate article with a national focus NBC News writes "Thousands of Federal Inmates Still Await Early Release Under Trump Era First Step Act" found here: https://www.nbcnews.com/news/us-news/thousands-federal-inmates-still-await-early-release-trump-era-first-st-rcna35162 and as exhibit "C"

But probably most disturbing as that the sister district to this honorable court, the Northern District of Alabama also finds that the Bureau of Prisons is not issuing credits in a timely manner and had to direct the Bureau to do just that writing:

"The Magistrate Judge recommended that the Court deny the Respondent's motion to dismiss, grant Ms. Stewart's petition for writ of habeas corpus, and order the Respondent to award Ms. Stewart all credit earned between the BOP's December 25, 2021 calculation and April 28, 2022. The Magistrate Judge also recommended that the Court direct the Respondent to reevaluate Ms. Stewart's earned credit time at regular intervals not to exceed every 60 days until the implementation of the automated system. (Doc. 15). The Magistrate Judge advised the parties of their right to file specific written objections to his report. (Doc. 15). The time to file written objections has passed, and the Court has not received objections. FILED 2022 Jun-06 PM 03:54 U.S. DISTRICT COURT N.D. OF ALABAMA Case 1:22-cv-00294-MHH-JHE Document 16 Filed 06/06/22 Page 1 of 2 2 The Court adopts the findings and analysis in the Report and Recommendation. Therefore, the Court denies the Respondent's motion to dismiss. (Doc. 11). The Court grants Ms. Stewart's petition for writ of habeas corpus. By separate order, the Court will direct the Respondent to award Ms. Stewart all credit earned between the BOP's December 25, 2021 calculation and April 28, 2022, and the Court will direct the Respondent to reevaluate Ms. Stewart's earned credit time at regular intervals not to exceed every 60 days until the implementation of the automated system." (Stewart v. Snyder 1:22-cv-294-MHH-JHE N.D. Alabama June 6, 2022). (Exhibit "C")

## CONCLUSION

In this motion Mr. Sposato is not asking for the bench to make a decision based on morals, criminal conduct or anything that requires contemplation. Mr. Sposato has earned these days via the First Step Act, a law passed by Congress and signed by former President Trump, and not a BOP policy that may be open to interpretation. ***Mr. Sposato earned 730 days off of his supervised release*** [emphasis added] and simply asks that the court apply those credits to his sentence or compel the BOP to do the same. As stipulated in Dyer v. Fulgam (see above), Mr. Sposato has earned these credits which weren't applied. Mr. Sposato is simply asking for what he has earned by investing in himself throughout his prison term, which is exactly what this honorable court hoped he would do.

Respectfully submitted this 10th day of August 2022

_____
John Sposato

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SPOSATO | ) |
| Petitioner | ) |
| | ) |
| V | ) CIVIL ACTION: To Be Assigned |
| | ) CASE NO.: 15-134 "E" |
| WARDEN, FCI OAKDALE; RRM | ) |
| NEW ORLEANS, UNITED STATES | ) |
| OF AMERICA | ) |

22-3596
SECT. T MAG 3

## CERTIFICATE OF SERVICE

I, John Sposato, hereby swear under the penalty of perjury that I have deposited the foregoing: **HABEAS CORPUS MOTION BY PERSON IN BOP CUSTODY PURSUANT TO 28 U.S.C. § 2241** with the United States Postal Service, postage prepaid, or hand delivered same to:

Clerk of Court
United States District Court
500 Poydras Street
New Orleans, LA 70130

Respectfully submitted this 10th day of August 2022

*/s/ John Sposato*
John Sposato

TENDERED FOR FILING

SEP 29 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk





**Self-Sealing Poly Bubble Mailer**

#5  10.5 in x 15 in / 26.67 cm x 38.1 cm